IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:05CV265-C

| | |
|---|---|
| HI-TEX, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LARRY E. RISING, individually )<br>and d/b/a AMERICAN )<br>AUTOMATION, a sole )<br>proprietorship, )<br>)<br>Defendants/ )<br>Third-Party Plaintiffs )<br>)<br>vs. )<br>)<br>GRS, INCORPORATED, and )<br>MAURICE WALKER, )<br>)<br>Third-Party Defendants. )<br>)<br>_____) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on the pro se Defendants' "Motion to Dismiss Plaintiff's First Count ... [and] Memorandum in Support ..." (document #32) filed November 8, 2005; and Plaintiff's "Brief in Response ..." (document #35), "Motion to File a First Amended Complaint" (document #36), and "Memorandum in Support" (document #37), all filed December 2, 2005.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant the Plaintiff's Motion to Amend, and, further, will respectfully recommend

that the Defendants' "Motion to Dismiss" be <u>denied as moot</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action for breach of contract and patent infringement. In its initial Complaint, the Plaintiff, Hi-Tex, Inc., a Michigan corporation with its principal place of business in West Bloomfield, Michigan, alleged that on June 12, 2002, it entered into a Project Agreement with Defendants Larry E. Rising, a North Carolina resident, and American Automation, Inc., then a North Carolina corporation wholly-owned by Mr. Rising, for the Defendants "to install a washer machine for cleaning fabric" at the Plaintiff's Kings Mountain, North Carolina facility for a total price of $200,000.

The Plaintiff admits that the washing machine is operational, but alleges that it has never "performed according to the requirements of the Project Agreement." The Plaintiff also contends that the Defendants have failed to preserve the confidentiality of certain trade secrets that they acquired during the manufacture and installation of the washer and that, in fact, the Defendants have infringed several of the Plaintiff's patented processes by offering to sell information concerning those processes to several of the Plaintiff's competitors. Finally, the Plaintiff alleges that the Defendants failed to pay the balance due one of its subcontractors, GRS, Incorporated, and that sometime in March 2003, Maurice Walker, a GRS employee, entered into the Kings Mountain facility and unlawfully "repossessed" some of the washer equipment.

On or before May 5, 2005, Defendant American Automation, Inc. was administratively dissolved by the State of North Carolina Department of Secretary of State. <u>See</u> Exhibit A to "Motion to Amend Pleadings" (document #26).

On June 7, 2005, the Plaintiff filed this action, alleging claims for breach of contract, disclosure of trade secrets, patent infringement, and recovery of the value of the "repossessed" property. Although the Plaintiff's other claims are pled against both Mr. Rising and American Automation, Plaintiff's claim for breach of contract was pled solely against American Automation, that is, as if it continues to exist as a corporation, rather than as a sole proprietorship owned and operated by Mr. Rising.

On July 18, 2005, the Defendants, proceeding pro se, filed a "Verified Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint." The Third-Party Complaint stated claims against GRS and Mr. Walker for recovery of any damages that the Defendants might be required to pay the Plaintiff as a result of Mr. Walker's "repossession" of the washer equipment. The Third-Party Complaint also stated additional claims – for breach of contract and unfair and deceptive trade practices – against Clariant Corporation concerning Clariant's alleged failure to comply with the terms of a December 23, 2002 contract between Defendant American Automation and Clariant. Neither Clariant nor its purported contract with American Automation was mentioned in any other portion of the pleadings and the Defendants' third-party claims against Clariant did not bear any relation to the dispute between the Plaintiff and Defendants.

On September 14, 2005, Clariant filed its Motion to Dismiss the Defendants' third-party claims as being outside the scope of Fed. R. Civ. P. 14. In the alternative, Clariant moved to strike the Third-Party Complaint because American Automation did not retain counsel, in violation of well-settled precedent that corporations may not appear pro se. See Gilley v. Shoffner, 345 F.Supp.2d 563, 566 (M.D.N.C. 2004) ("corporation cannot proceed pro se") (E.D.N.C. 2004); and Microsoft Corp. V. Computer Serv. & Repair, Inc., 312 F.Supp.2d 779, 780 (when corporate party

attempts to plead <u>pro se</u>, appropriate remedy is to strike the pleading).

On September 27, 2005, the Defendants/Third-Party Plaintiffs filed their brief opposing the Motion to Dismiss, as well as a Motion to Amend Pleadings to reflect that, as noted above, American Automation has been administratively dissolved and is now a sole proprietorship owned and operated by Mr. Rising.

In its response, Clariant consented to correcting the case caption to show that American Automation is no longer a corporation, but pointed out that regardless of American Automation's status, Clariant was not a proper Third-Party Defendant in this action.

On October 14, 2005, the undersigned <u>granted</u> Mr. Rising's "Motion to Amend Pleadings" and directed the Clerk of Court "to amend the case caption ... to show that Defendant American Automation is a sole proprietorship," and recommended to the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.) that Clariant's "Motion to Dismiss" be <u>granted</u> and that the Third-Party Complaint be <u>dismissed without prejudice</u> as to Clariant. <u>See</u> "Memorandum and Recommendation and Order" (document #29).

On October 28, 2005, Mr. Rising filed a Notice of Voluntary Dismissal as to Clariant. <u>See</u> document #31.

On November 8, 2005, Mr. Rising filed his Motion to Dismiss Plaintiff's First Count on the grounds that the Plaintiff's breach of contract claim is pled only against American Automation, <u>Inc.</u>, an entity, which as discussed above, ceased to exist prior to the time the Complaint was filed.

On December 2, 2005, the Plaintiff filed its Motion to File a First Amended Complaint, requesting that it be permitted to amend its factual averments and breach of contract claim to reflect that Mr. Rising is a sole proprietor doing business as American Automation.

The parties' motions have been briefed as set forth above and are, therefore, ripe for disposition.

### I. DISCUSSION OF CLAIMS

Concerning motions to amend generally, pursuant to Fed. R. Civ. P. 15(a) "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although whether to grant a motion to amend is within the district court's discretion, the Supreme Court has held that courts must grant leave to amend absent a substantial reason to deny leave. Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Accord Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Accordingly, where American Automation has ceased to exist as a corporation, the Plaintiff's Motion to Amend their Complaint to reflect that Defendant's actual status must and will be granted.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Accord Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); and Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

Therefore, because the Plaintiff has been granted leave to file an Amended Complaint which

will not only supersede the original Complaint but will also address the single ground for dismissal raised in the Defendants' motion, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be <u>denied as moot</u>.

## III. <u>ORDER</u>

**IT IS HEREBY ORDERED:**

1. The Plaintiff's "Motion to File a First Amended Complaint" (document #36) is **GRANTED**, and the Plaintiff's First Amended Complaint, attached as Exhibit 1 to the Plaintiff's Motion, shall be **DEEMED FILED** as of this date, except that the case caption shall be stated as set forth above.

2. <u>On or before January 19, 2006, the Defendant shall file his Answer to the First Amended Complaint</u>.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' "Motion to Dismiss Plaintiff's First Count" (document #32) be **DENIED AS MOOT**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with

the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendant; to counsel for the Plaintiffs and remaining Third-Party Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

**Signed: December 5, 2005**

_Carl Horn, III_
Carl Horn, III
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03cv429-MU

| | |
|---|---|
| CHRISTOPHER PHELPS & ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>R. WAYNE GALLOWAY, )<br>)<br>Defendant. )<br>_____) | ORDER |

This matter is before the court upon Defendant's Motion for an Award of Costs and Attorneys' Fees and for Leave to File a Fee Petition.

This case went before a jury on September 15, 2005, who returned a verdict in the Plaintiff's favor on the issue of copyright infringement, and awarding compensatory damages to the Plaintiff in the amount of $20,000, but finding that there were no "profits" to be disgorged by the Defendant Galloway. The jury denied all of Galloway's affirmative defenses, except for two, which the court dismissed pursuant to Rule 50. The court subsequently denied the Plaintiff's motion for injunctive relief. Galloway seeks this award of costs and fees, arguing that he is the "prevailing party" in this action on the principal contested issues in this case, that of profits and injunctive relief.

The Copyright Act provides that the court, in its discretion, may award costs and reasonable attorneys' fees to the prevailing party. 17 U.S.C. §505. While Plaintiff CPA received substantially less than it sought in this case, it is still the "prevailing party," not Galloway.[1] The

---

[1] CPA, however, is precluded from obtaining costs and fees as the prevailing party because it did not apply for or obtain its copyright registration until long after Galloway

Supreme Court has defined a prevailing party as "a party in whose favor a judgment is entered, regardless of the amount of damages awarded." Buckhannon Board and Care Home v. West Virginia Dept. Of Health and Human Svs., 121 S.Ct. 1835, 1839 (2001). The Buckhannon Court noted that its ruling was consistent with its earlier decision in Farrar v. Hobby, 113 S.Ct. 566 (1992) in which the Court held that even a judgment for nominal damages establishes the plaintiff as the prevailing party. Buckhannon, 121 S.Ct. at 1840. The Fourth Circuit has followed these holdings in several cases. In Dennis v. Columbia Colleleton Medical Center, Inc., 290 F.3d 639 (4th Cir. 2002), the plaintiff obtained a judgment for $25,000 in compensatory damages, but lost on the bulk of her claims. The court ruled that even this "extremely limited success" made her the prevailing party under Farrar and Buckhannon. 290 F.3d at 652-53. In Mercer v. Duke University, 401 F.3d 199 (4th Cir. 2005), despite the fact that the plaintiff recovered only a nominal damages award of $1, and lost on her claims for punitive damages, the court ruled that she was the prevailing party, citing Farrar. See also G. Ex rel. Ssgt RG v. Fort Bragg Dependent Schools, 343 F.3d 295, 310 (4th Cir. 2003) (Buckhannon makes plaintiff who recovers even nominal damages the prevailing party, notwithstanding lack of success on most claims). Galloway's attempts to distinguish these cases are without merit. Accordingly, under controlling Supreme Court and Fourth Circuit authority, CPA, not Galloway, is the prevailing party.

IT IS THEREFORE ORDERED that Galloway's Motion for an Award of Costs and Attorneys Fees is hereby DENIED.

---

constructed the house according to the Bridgeford plans. See 17 U.S.C. §412.

**Signed: December 5, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge